UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ASHLEY MORRIS                                                                        CIVIL ACTION

VERSUS                                                                                      NO. 06-5472

COUNTRYWIDE HOME LOANS,
ALPHA INSURANCE, LLC AND                                                SECT. "T"(3)
LOUISIANA CITIZENS FAIR PLAN

ORDER AND REASONS

Before the Court is a Motion for Summary Judgment filed by Countrywide Home Loans. (Rec. Doc. 15). Plaintiff filed an Opposition (Rec. Doc. 25). Oral Argument was not requested and the matter was taken under submission on the briefs. The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence is fully advised in the premises and ready to rule.

I.   BACKGROUND

In December 2004, Ashley Morris purchased property located at 4829-31 Bonita Drive in New Orleans, Louisiana. She executed a mortgage loan agreement in the amount of $83,230.00 in favor of Mortgage Factory, LLC. Mortgage Factory, LLC later assigned the mortgage to Countrywide Home Loans. Pursuant to the terms of the mortgage agreement, Plaintiff was required to insure the property against hazards or losses for which the lender may require insurance, including flood losses. Exhibit B-1 attached to Rec. Doc. 15.

At the closing, Plaintiff executed a Settlement Statement from the United States Department of Housing and Urban Development. Exhibit B-2 attached to Rec. Doc. 15. This statement discloses that a $632.00 hazard insurance policy premium and a $799.00 flood insurance policy premium were to be paid "in advance" of the closing by Plaintiff. The hazard premium was to made payable to Alpha Insurance and the flood premium was to be made

payable to American Reliable. The statement also provides that three months "reserves" for hazard insurance and flood insurance be "deposited with the lender" for a total amount of $158.01 for hazard insurance and $199.74 for flood insurance. Exhibit "B-2" attached to Rec. Doc. 15.

A Dwelling Fire Insurance policy bearing number FZD0601141 00 was issued by Louisiana Citizens Property Insurance Corporation, (hereinafter "Citizens"), on the property. The policy was procured through Alpha Insurance, LLC, (hereinafter "Alpha"), and had an original policy period of January 1, 2005 to January 1, 2006. Alpha also secured a flood insurance policy from American Reliable Insurance Company, (hereinafter "American Reliable"), on December 22, 2004. Exhibit "A" attached to Rec. Doc. 25. The amount of coverage available, if any, under the American Reliable policy at the time of the loss is not known.

Effective August 25, 2005, the Citizens' policy was cancelled for nonpayment of premium. At some unknown point thereafter, Countywide secured a lender placed policy through Newport Insurance Company on the property. Hurricane Katrina hit the property on August 29, 2005.

Plaintiff filed this suit on August 29, 2006 against Citizens, Alpha, and Countrywide Home Loans.[1] The complaint alleges that "Defendants" accepted payments for flood insurance policy premium but failed to maintain the policy. Rec. Doc. 1 at p. 2. Further, the complaint

---

[1] Countrywide has filed a Motion for Summary Judgment in this matter. Alpha Insurance LLC, has been dismissed from this matter on an unopposed Motion for Summary Judgment.

alleges that Plaintiff submitted satisfactory proof of loss to Citizens after Hurricane Katrina, but coverage was denied. Rec. Doc. 1 at p. 3. Plaintiff avers that "Defendants" acted negligently by: (1) failing to prove and maintain adequate insurance coverage; (2) failing to adequately inform petitioner of the scope and extent of insurance coverage; (3) failing to properly notify Plaintiff of policy cancellation; and (4) failing to exercise reasonable care in the supervision of subordinates and employees. Rec. Doc. 1 at p. 3.

Countrywide filed this Motion for Summary Judgment asserting that the undisputed facts demonstrate that is does not have any liability as a matter of law. Rec. Doc. 15. Plaintiff filed an Opposition asserting that genuine issues of material fact exist precluding summary judgment. Rec. Doc. 25.

**II.     LAW AND ANALYSIS**

Summary Judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Federal Rule of Civil Procedure 56. The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) *cert. denied*, 506 U.S. 832 (1992). When the moving party has carried its burden, its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial."

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Tubacex, Inc. v. M/V RISAN*, 45 F.3d 951, 954 (5th Cir. 1995).

    A.    *Countrywide's Negligence*.

Countrywide submits that Plaintiff's claims against it are premised upon an alleged lapse or absence of insurance coverage on the property. Relying on the affidavit of an Alpha agent attesting that on August 29, 2005, Plaintiff had flood and hazard insurance coverage, Countrywide argues that coverage did not lapse or otherwise cancel prior to the August 29, 2005. Because Plaintiff had coverage, Countrywide argues that it cannot be held liable for any alleged failure to maintain insurance coverage. Rec. Doc. 15 at p. 5.

Plaintiff counters that Countrywide has presented contradictory evidence regarding the issue of whether coverage lapsed at the time Hurricane Katrina struck. Rec. Doc. 25 at p. 2. While Countrywide asserts in its Motion that coverage did not lapse, Plaintiff points out that in September 2006, Countrywide acknowledged that a lender placed policy was in effect on the date of the loss through Newport Insurance Company.[2] Plaintiff argues that if there was properly maintained insurance, Countrywide should not have obtained a lender placed policy. Thus, by acknowledging that a lender placed policy was in effect on the date of the loss, Plaintiff submits Countrywide has acknowledged that coverage was not in effect on the date of the loss and cannot rely on the argument that the policy was in effect on the date of the accident. Rec. Doc. 25 at p. 2.

---

[2]A lender placed policy or force placed policy is a policy that the lender has the option of putting into effect when the homeowner fails to maintain the insurance required in the mortgage agreement. Plaintiff's Opp. p. 2. This policy can be from an insurer of the lender's own choosing and can be at less than optimal rates, and the expense is usually passed on the homeowner. *Id.*

4

Countrywide's argument is without merit. Citizens has filed a Motion for Summary Judgment on the cancellation issue and this Court has ruled that the policy was cancelled in accordance with Louisiana law on August 25, 2005. Since the Court has already determined that at least one (1) policy lapsed at the time Hurricane Katrina rolled ashore, Countrywide's argument that Plaintiff's claims premised upon an alleged lapse or absence of insurance coverage on the property must be dismissed because coverage was in place is rejected and without merit. Accordingly, to maintain a claim, Plaintiff must prove that Countrywide owed a legal duty to protect her from the particular risk of harm.

*(1)   Duty to Procure or Maintain Insurance/Duty to Advise Morris Concerning Scope of Insurance Coverage*

Countrywide submits that even if the insurance policy lapsed, it is still entitled to summary judgment because it did not owe a duty to Plaintiff to procure or maintain adequate flood insurance nor did it owe a duty to advise Plaintiff concerning the scope of her insurance coverage. Rec. Doc. 15. Plaintiff's Opposition does not address whether Countrywide owed a duty to procure or maintain insurance after a policy lapse. Rather, she argues that Countrywide was obligated to notify her of any lapse of insurance and allow her to provide proof of continuous coverage. Rec. Doc. 25 at p. 2-3.

The Court reviews first whether Countrywide owed a duty to Plaintiff to procure insurance on the property after a policy lapse and second reviews whether Countrywide owed a duty to maintain insurance on Plaintiff's property after a policy lapse and advise her concerning the scope of insurance coverage.

The mortgage contract provides that the "[b]orrower shall insure all improvements on the Property... against any hazards, casualties, and contingencies, including fire, for which the Lender requires insurance." Exhibit "B-1" at p. 2, Paragraph 4 attached to Rec. Doc. 15. The borrower is also obligated to insure all improvements "against loss by floods" to the extent required by the Secretary. Exhibit "B-1" at p. 2, Paragraph 4 attached to Rec. Doc. 15. The contract also provides that all insurance "shall be approved by Lender" and any policies and renewals "shall be held by the Lender and shall include loss payable clauses in favor of and in a form acceptable to, Lender." Exhibit "B-1" at p. 2, attached to Rec. Doc. 15. In the event the borrower does not make the payments, the Lender may "do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of... hazard insurance." Exhibit "B-1" at p. 3, Paragraph 7 attached to Rec. Doc. 15.

The mortgage agreement is a contract entered into between the parties and is to be construed according to the general rules of contract interpretation. The common intent of the parties is used to interpret a contract. La. C.C. art.2045. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La. C.C. art.2046. When a contract may be interpreted from the four corners of the agreement, without consideration of extrinsic evidence, the interpretation is a matter of law. *Scenicland Construction Co., L.L.C. v. St. Francis Medical Center, Inc.*, 41,147 (La. App. 2nd Cir.2006), 936 So.2d 251; *NAB Natural Resources, L.L.C. v. Willamette Industries, Inc.*, 28,555 (La. App 2nd Cir. 1996), 679 So.2d 477.

Here the terms of the mortgage are clear and unambiguous as they relate to whether Countrywide had an obligation to procure insurance coverage. Paragraph 4 of the contract clearly states that Plaintiff, not Countrywide, is responsible for procuring the insurance coverage outlined in the agreement.  Further, if Plaintiff does not make payments and the policy is cancelled, Countrywide can do whatever is necessary to protect the value of the property, such as placing a lender placed or forced placed policy on the policy property. Further, there is nothing in the mortgage agreement which places a duty on Countrywide to notify Plaintiff of policy lapse or to provide Plaintiff proof of continuous coverage.  Accordingly, the plain terms of the contract do not demonstrate any contractual duty on the part Countrywide to procure coverage on Plaintiff's property either prior to or after a lapse.

Next, the Court must determine whether Countrywide had a duty to maintain the insurance for Plaintiff.  Plaintiff contends that the existence of the Lender Placed Policy is evidence that Countrywide knew of a lapse of insurance procured by plaintiff and was obligated to notify her of such lapse.

This argument fails as the facts herein demonstrate there is no provision in the Mortgage obligating Countrywide to maintain insurance coverage for Plaintiff's benefit, to notify her of any change to her insurance coverage or to notify her of any lack in coverage.  Further, there has been no evidence presented to contradict a finding that the purpose of procuring and placing a forced placed policy on the Plaintiff's property was to protect Countrywide's collateral. Accordingly, the fact that Countrywide may obtain forced placed coverage to protect its

collateral does not in and of itself impose a legal duty upon Countrywide to procure insurance for Plaintiff's property once the policy procured by the plaintiff has lapsed.

If Countrywide has no obligation to procure coverage once the main policy lapses, it follows then that Countrywide has no duty to maintain such protection and has no duty to advise the plaintiffs of the main policy's or the forced placed policy's termination. *Oliver v. Central Bank*, 658 So. 2d 1316, 1326 (La. App. 2nd 1995). *See also Beckford v. Empire Mutual Ins. Group*, 135 A.D.2d 228, 525 N.Y.2d 260 (2d Dep't 1988)(finding that mortgage company whom was sent notice of cancellation of the insurance policy taken out by the mortgagor, with loss payable to the mortgagee, is under no obligation to give notice to the mortgagor of such cancellation.)

With respect to whether Countrywide had a duty to advise Plaintiff as to the scope or extent of her insurance coverage, Countrywide submits, and this Court agrees, that as the Mortgagee of the property, it had no such duty. *See Oliver*, 658 So.2d at 1325-26. Because the mortgage contract did not obligate Countrywide to advise Plaintiff as to the scope or extent of her coverage, Countrywide had no contractual obligation to Plaintiff. To properly plead a cause of action based on breach of contract, Plaintiff must allege an identifiable contractual promise that Countrywide failed to honor. *See Miller v. Loyola Univ. Of New Orleans*, 02-158 (La. App. 4th Cir. 9/30/02), 829 So.2d 1057, 1062. Plaintiff has not identified any contractual promise that Countrywide breached. Therefore, Countrywide is entitled to summary judgment on Plaintiff's breach of contract claims, as it had no contractual or legal duty to procure or maintain coverage or to advise Plaintiff concerning the scope or lapse of coverage.

*(2)     Negligent Supervision Claim.*

Countrywide argues that Plaintiff has presented no evidence that they failed to exercise reasonable care in supervising their employees or subordinates.  Countrywide claims that the HUD-1 Settlement Statement evidences that it required pre-payment of both the hazard and flood insurance prior to the closing.  Rec. Doc. 15 at p. 9-10.  Further, they contend that the affidavit of the procuring agent that the premiums were paid and that both policies were in effect on the date of the loss evidences that Countrywide complied with the mortgage and was not negligent in supervising its employees.  Rec. Doc. 15.  Plaintiff's Opposition does not address the issue of negligent supervision and this Court finds that the evidence shows that Countrywide performed its obligations under the Mortgage and, as such, is entitled to summary judgment on Plaintiff's negligent supervision claim.

Accordingly,

**IT IS ORDERED** that Countrywide Home Loans, Inc's Motion for Summary Judgment (Rec. Doc. 15) is **GRANTED** and Countrywide Home Loans, Inc. is **DISMISSED** from this action **WITH PREJUDICE.**

New Orleans, Louisiana, this 5th day of March, 2008.

_____
UNITED STATES DISTRICT JUDGE
G. THOMAS PORTEOUS, JR.