UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ASHLEY MORRIS                                                              CIVIL ACTION

VERSUS                                                                     NO: 06-5472

COUNTRYWIDE HOME LOANS,
ALPHA INSURANCE, LLC AND                                                   SECTION "T"(3)
LOUISIANA CITIZENS FAIR PLAN

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment filed by Defendant, Louisiana Citizens Property Insurance Corporation. (Rec. Doc. 19). Plaintiff, Ashley Morris, filed an Opposition to the Motion. (Rec. Doc. 26). The matter was submitted on the briefs without oral argument. The Court, having considered the record, the evidence submitted, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

I.      BACKGROUND

On December 29, 2004, Ashley Morris purchased property located at 4829-31 Bonita in New Orleans, Louisiana. A Dwelling Fire Insurance policy bearing number FZD0601141 00 was issued by Louisiana Citizens Property Insurance Corporation, (hereinafter "Citizens"), on the property. The policy was procured through Alpha Insurance, LLC, (hereinafter "Alpha") and had an original policy period of January 1, 2005 to January 1, 2006. Plaintiff contends that the policy procured by Alpha was a homeowners and a flood policy. Rec. Doc. 26 at p. 2. Citizens contends that Alpha secured only a dwelling policy. Rec. Doc. 19 at p. 3. In any event, Citizens submits the policy was cancelled for nonpayment of premium effective August 25, 2005. Rec. Doc. 19 at p. 2.

Plaintiff filed this suit on August 29, 2006 against Citizens, Alpha Insurance Company, LLC

and Countrywide Home Loans.[1] The Complaint alleges that "Defendants" accepted payments for flood insurance policy premium but failed to maintain the policy. Rec. Doc. 1 at p. 2. Further, the Complaint alleges that Plaintiff submitted satisfactory proof of loss to Citizens after Hurricane Katrina, but coverage was denied. Rec. Doc. 1 at p. 3. Plaintiff avers that "Defendants" acted negligently by: (1) failing to prove and maintain adequate insurance coverage; (2) failing to adequately inform petitioner of the scope and extent of insurance coverage; (3) failing to properly notify Plaintiff of policy cancellation; and (4) failing to exercise reasonable care in the supervision of subordinates and employees. Rec. Doc. 1 at p. 3.

Citizens filed the instant Motion for Summary Judgment requesting dismissal because its policy was not in effect on the date of the loss and because it properly cancelled the policy in accordance with Louisiana law. Plaintiff opposed the Motion arguing that issues of fact precluded summary judgment; specifically, the types of insurance coverage procured by Alpha through Citizens and whether those policies were in effect on the date of the loss. Rec. Doc. 26 at p. 3.

## II.  LAW AND ANALYSIS

Summary Judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Federal Rule of Civil Procedure 56. The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.

---

[1] The Mortgage Factory, Inc. was the original mortgagee on the loan. The loan was subsequently transferred to Countrywide. Countrywide has filed a Motion for Summary Judgment in this matter. Alpha Insurance LLC, has been dismissed from this matter on an unopposed Motion for Summary Judgment.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) *cert. denied*, 506 U.S. 832 (1992).  When the moving party has carried its burden, its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.  The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Tubacex, Inc. v. M/V RISAN*, 45 F.3d 951, 954 (5th Cir. 1995).

    *A.    Cancellation of Policy.*

LSA-R.S. 22:636 provides the method for an insurer to cancel an insured's policy for nonpayment of premium.  The statue provides in pertinent part:

> A. Cancellation by the insurer of any policy which by its terms is cancelable at the option of the insurer, or of any binder based on such policy, may be effected as to any interest only upon compliance with either or both of the following:
>
> (1)(a) Written notice of such cancellation must be actually delivered or mailed to the insured or to his representative in charge of the subject of the insurance not less than thirty days prior to the effective date of the cancellation except when termination of coverage is for nonpayment of premium.

...

> (2) Like notice must also be so delivered or mailed to each mortgagee, pledgee, or other known person shown by the policy to have an interest in any loss which may occur thereunder.  For purposes of this Paragraph "delivered" includes electronic transmittal, facsimile, or personal delivery.
>
> (3) Where written notice of cancellation or nonrenewal is required and the insurer elects to mail the notice, the running of the time period between the date of mailing and the effective date of termination of coverage shall commence upon the date of mailing.
>
> (4) Any policy may be cancelled by the company at any time during the policy period for failure to pay any premium when due whether such premium is payable directly to the company or its agent or indirectly under a premium finance plan or extension of credit, by mailing or delivering to the insured written notice stating when, not less than ten days thereafter, such cancellation shall be effective.

> Nothing in this Code shall mandate a separate notice of lapse for nonpayment of premium of a policy defined as provided by R.S. 22:1405(G).
>
> B. The mailing of any such notice shall be effected by depositing it in a sealed envelope, directed to the addressee at his last address as known to the insurer or as shown by the insurer's records, with proper prepaid postage affixed, in a letter depository of the United States Post Office. The insurer shall retain in its records any such item so mailed, together with its envelope, which was returned by the Post Office upon failure to find, or deliver the mailing to the addressee.
>
> C. The affidavit of the individual making or supervising such a mailing, shall constitute prima facie evidence of such facts of the mailing as are therein affirmed.

An insurance company has the burden of proving cancellation of policy prior to date of loss which gave rise to a denied claim. *Burge v. Allstate Ins. Co.*, 97-1087 (La.App. 5th Cir. 4/15/98); 710 So.2d 1196. Where the evidence is sufficient to establish a prima facie case that the insurer mailed the cancellation notice in compliance with the applicable Louisiana statute, the burden shifts to the insured to establish non-delivery of the notice. *Burge,* 710 So.2d at 1199. The evidence to prove proper mailing is rebuttable by positive evidence of lack of delivery or receipt; *Harang v. Sparacino,* 257 So.2d 785 (La. App. 4th Cir.1971); *Accord, Robertson v. Travis*, 393 So.2d 304 (La. App. 1st Cir.1980) *writ denied* 397 So.2d 805, *writ denied* 397 So.2d 806(in order to defeat cancellation, the insured must prove that notice of cancellation was not received).

Citizens attached to its Motion for Summary Judgment a copy of a notice of cancellation addressed to Plaintiff and the Mortgage Factory, Inc. dated August 1, 2005. The notice of cancellation provides that the policy bearing number FZD 0601141 00 would be cancelled effective August 25, 2005 at 12:01 am for nonpayment of premium. Exhibit "B-1" attached to Rec. Doc. 19. The notice also provides that the total premium was $876.00 and that a minimum of $309.00 was

due at that time. In addition to the aforementioned notice, Citizens produced the affidavit of Patricia Weidie, its Underwriting Manager, who attested that she is the person responsible for the supervision of the issuance and mailing of the cancellation notices. Exhibit "B" attached to Rec. Doc. 19. Weidie attested that the notice of cancellation and address cover sheets, addressed to Plaintiff and her mortgage company at their last known addresses, were placed in an envelope, sealed with proper postage affixed, and hand delivered to employees of the United States Postal Service on August 2, 2005. Exhibit "B" attached to Rec. Doc. 19 at ¶¶ 5-7. The United States Postal Service Certificate of Mailing attached to Citizens' Motion demonstrates that the envelopes containing the notice and address covers were provided to the post office on August 2, 2005. Exhibit "B-3" attached to Rec. Doc. 19.

In accordance with Section B of LSA-R.S. 22:636, Citizens retains records of any cancellation notice and envelope that are returned for failure of the post office to find or deliver the mailing to the addressee. Weidie reviewed Citizens' records and attests that the cancellation notice and envelope mailed to the Plaintiff and the mortgagee were not returned to it by the United States Postal Service for failure to find or deliver the mailing in question. Exhibit "B" attached to Rec. Doc. 19.

Citizens has demonstrated that it complied with the requirements of LSA-R.S. 22:636 in canceling its policy for nonpayment of premium by actually mailing the notice of cancellation to the Plaintiff and the mortgage company at their last known addresses. Citizens has also shown that they complied with the ten (10) day notice requirement and actually gave Plaintiff a longer period of time to pay the premium prior to cancellation. Because Citizens has presented prima facie evidence of such facts of mailing, Plaintiff must rebut the presumption by positive evidence of lack of delivery

or receipt.

Attached to her Opposition, Plaintiff supplies the affidavit of an agent of Alpha Insurance, LLC stating that Alpha secured a homeowner's and flood policy bearing policy number FZD 0601141 00 from Citizens and that this policy was in effect on August 29, 2005.  Exhibit "A" attached to Rec. Doc. 26.  She also submits that when she closed on the mortgage loan, she signed a HUD-1 settlement statement providing that her hazard and flood insurance policy premiums were to be paid in advance of the loan closing.  Rec. Doc. 26 at p. 2.  She also attaches a December 22, 2004 letter from her mortgage company which she claims demonstrates that it requested payment from Alpha regarding the hazard and flood policies at the loan closing.  Rec. Doc. 26 at p. 2. Plaintiff does not present any evidence of the lack of delivery by Citizens of the cancellation notice or lack of her receipt of the notice of cancellation.

Plaintiff's reliance on the Alpha agent's blanket statement that the policy was in effect on August 29, 2005, without further support, is not enough to rebut the presumption that Plaintiff received the notice of cancellation mailed to her on August 2, 2005.  Further, there is nothing in the attestation of Alpha's agent demonstrating that after Plaintiff received the notice, she or anyone else, paid the premium due prior to the August 25, 2005 cancellation date.  Finally, there is no evidence in the record that the Post Office returned the envelopes used to mail the cancellation notices to Plaintiff and her mortgagee.

The HUD statement provides that Plaintiff was to pre-pay one (1) year of hazard insurance to Alpha Insurance in the amount of $632.00.  Exhibit "B-2" attached to Rec. Doc. 15.  Plaintiff also was to pay $158.01 as a reserve to be deposited with the lender for hazard insurance.  Both of these amounts added together fall short of the total $876.00 Citizens sought prior to cancellation.

Plaintiff's argument that she pre-paid her premium prior to the closing does not help her defeat summary judgment because it is clear that no payment was made and Citizens rightfully moved forward with cancellation.  Plaintiff has provided no proof that she or any one else, made payment to Citizens prior to cancellation.

Plaintiff's suggestion that there are fact issues which preclude summary judgment is without merit.  First, there is no fact issue as to the type of policy issued by Citizens.  The policy clearly states it is a "Dwelling Policy" and further provides that "[t]his policy does not provide flood insurance."  Exhibit "A" attached to Rec. Doc. 19.  The Declarations page also claims that the policy is a "Dwelling Fire Declaration."  Further, the insurance application signed by Plaintiff indicates she sought dwelling fire insurance from Defendant and that her flood insurer was American Reliable.  Exhibit "C" attached to Rec. Doc. 19.  In addition, Plaintiff attached to her Opposition to the Countrywide's summary judgment motion a letter from that company dated September 28, 2006 relating to, *inter alia*, flood losses sustained during Hurricane Katrina.  That letter advises that the flood insurance carrier on the property at the time of the loss was American Reliable Insurance Company.  Exhibit "B" attached to Rec. Doc. 25.  Finally, the HUD statement attached to the Mortgage Company's summary judgment motion provides that flood insurance premiums were to be paid to American Reliable Insurance Company.  Exhibit "B-2" attached to Rec. Doc. 15.

Citizens had one policy in effect on the date of the loss; a dwelling fire policy bearing policy number FZD 0601141 00.  While there may be an issue as to whether that policy provided flood coverage to Plaintiff, such issue does not preclude summary judgment because the one and only Citizens' policy issued to Plaintiff was not in effect on the date of the loss.  While it is most likely that Citizens' policy did not provide flood coverage, the Court does not find nor comment on

7

whether or not there was flood coverage available to Plaintiff under Citizens' policy because the Court does not have to make such finding. The undisputed evidence shows that Citizens issued only one policy to Plaintiff and that policy was cancelled in accordance with Louisiana law on August 25, 2005. Hence, there was no coverage afforded to Plaintiff on August 29, 2005. Accordingly, as there are no genuine issues of material fact precluding summary judgment on the issue of whether Citizens' policy was in effect on the date of the loss and the type of policy, Citizens' summary judgment is granted on this issue.

> *B.     Citizen's negligence.*

Citizens also moves for summary judgment regarding Plaintiff's negligence claims. Citizens urges that it did not have a duty or obligation to Plaintiff prior to the policy being instated or after it was cancelled. Regarding the period of time that the policy was in effect, Citizens argues that Plaintiff has no evidence that it acted improperly in the supervision of its employees in connection with the cancellation or at any other time. Further, they claim any duty to inform Plaintiff of the scope of her coverage during the procurement period was the responsibility of her agent, Alpha. Rec. Doc. 19 at pp. 12-13. Plaintiff did not address the negligence claims in her opposition.

The Court agrees with Citizens. There is no evidence that Citizens was negligent in supervising its employees in the processes involving cancellation or at any other time during the time the policy was in effect. Further, since the policy was cancelled prior to the effective date of the loss, there can be no evidence that Citizens was negligent in adjusting the loss. Finally, prior to the policy becoming effective, Citizens owed no duties to Plaintiff as it had no obligation with the Plaintiff or to the Plaintiff. Citizens was just another potential insurance company with which Alpha may have placed Plaintiff's coverage.

### III.   CONCLUSION

Citizens has met its burden in demonstrating that it properly cancelled Plaintiff's insurance policy bearing number FZD 0601141 00 in accordance with Louisiana law on August 25, 2005. Thus, on the loss date, August 29, 2005, Plaintiff did not have coverage with Citizens under the only policy it issued to Plaintiff. Citizens is therefore entitled to summary judgment on the issue of insurance coverage.

Additionally, there has been no evidence presented to the Court that Citizens was negligent in handling the cancellation process or at any other time while the policy was in effect. Prior to and after the policy's effect dates, Citizens owed no duties to the Plaintiff which would render them negligent. Thus, summary judgment on these claims is also proper.

Accordingly,

**IT IS ORDERED** that the Motion for Summary Judgment filed by Louisiana Citizen's Property Insurance Corporation (Rec. Doc. 19) is **GRANTED** and Louisiana Citizen's Property Insurance Corporation is dismissed from this action **WITH PREJUDICE.**

New Orleans, Louisiana, 5th day of March, 2008.

_____
**G. THOMAS PORTEOUS, JR.
UNITED STATES DISTRICT JUDGE**